# UNITED STATES DISTRICT COURT
### for the
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **NANCY AGRILLO** ) | |
| **Plaintiff** ) | |
| ) | **Civil Action No.:** |
| **v.** ) | |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| **and SODEXHO USA, INC.,** ) | |
| **Defendants** ) | |

## PLAINTIFFS' COMPLAINT AND DEMAND FOR JURY TRIAL

Now comes the Plaintiff in the above-entitled matter and for her complaint states:

### Parties

1.      The Plaintiff, NANCY AGRILLO, is a natural person and resident of Monument Beach, Commonwealth of Massachusetts.

2.      The Defendant, UNITED STATES OF AMERICA, is a sovereign state which has consented to be sued pursuant to 46 U.S.C. § 30901 et seq., and 46 U.S.C. § 31101 et seq.

3.      The Defendant, SODEXHO USA, INC., is a corporation duly organized and existing under the laws of the Commonwealth of Massachusetts, with its principal place of business in Lexington, Commonwealth of Massachusetts.

### General Factual Allegations

4.      Between January and April 1984, the Defendant, UNITED STATES OF AMERICA, owned the vessel USTS EMPIRE STATE V.

5.      Between January and April 1984, the Defendant, UNITED STATES OF AMERICA, chartered the USTS EMPIRE STATE V from some other person(s) or entity(ies)

such that between January and April 1984, the Defendant, UNITED STATES OF AMERICA, was the owner *pro hac vice* of the USTS EMPIRE STATE V.

6.     Between January and April 1984, the Defendant, UNITED STATES OF AMERICA, or the Defendant's agents, servants, and/or employees, operated the USTS EMPIRE STATE V.

7.     Between January and April 1984, the Defendant, UNITED STATES OF AMERICA, or the Defendant's agents, servants, and/or employees, controlled the USTS EMPIRE STATE V.

8.     Between January and April 1985, the Defendant, UNITED STATES OF AMERICA, owned the vessel USTS STATE OF MAINE.

9.     Between January and April 1985, the Defendant, UNITED STATES OF AMERICA, chartered the USTS STATE OF MAINE from some other person(s) or entity(ies) such that between January and April 1985, the Defendant, UNITED STATES OF AMERICA, was the owner *pro hac vice* of the USTS STATE OF MAINE.

10.     Between January and April 1985, the Defendant, UNITED STATES OF AMERICA, or the Defendant's agents, servants, and/or employees, operated the USTS STATE OF MAINE.

11.     Between January and April 1985, the Defendant, UNITED STATES OF AMERICA, or the Defendant's agents, servants, and/or employees, controlled the USTS STATE OF MAINE.

12.     Between January and April 1984, and between January and April 1985, the Plaintiff, NANCY AGRILLO, was employed by the Defendant, UNITED STATES OF

AMERICA.

13.     Between January and April 1984, the Plaintiff, NANCY AGRILLO, was

employed by the Defendant, UNITED STATES OF AMERICA, as a seaman and member of the

crew of the USTS EMPIRE STATE V.

14.     Between January and April 1985, the Plaintiff, NANCY AGRILLO, was

employed by the Defendant, UNITED STATES OF AMERICA, as a seaman and member of the

crew of the USTS STATE OF MAINE.

15.     Between January and April 1984, and between January and April 1985, the

Plaintiff, NANCY AGRILLO, was employed by the Defendant, SODEXHO USA, INC.

16.     Between January and April 1984, the Plaintiff, NANCY AGRILLO, was

employed by the Defendant, SODEXHO USA, INC., as a seaman and member of the crew of the

USTS EMPIRE STATE V.

17.     Between January and April 1985, the Plaintiff, NANCY AGRILLO, was

employed by the Defendant, SODEXHO USA, INC., as a seaman and member of the crew of the

USTS STATE OF MAINE.

18.     Between January and April 1984 the USTS EMPIRE STATE V was in navigable

waters.

19.     Between January and April 1985 the USTS STATE OF MAINE was in navigable

waters.

20.     Between January and April 1984, while in the performance of her duties as a

member of the crew of the USTS EMPIRE STATE V, the plaintiff, NANCY AGRILLO, was

exposed to, and inhaled, asbestos fibers, which were present on the USTS EMPIRE STATE V,

her components and appurtenances, and which became airborne during expected vessel operations.

21.      Between January and April 1985, while in the performance of her duties as a member of the crew of the USTS STATE OF MAINE, the plaintiff, NANCY AGRILLO, was exposed to, and inhaled, asbestos fibers, which were present on the USTS STATE OF MAINE, her components and appurtenances, and which became airborne during expected vessel operations.

22.      As a result of the Plaintiff's occupational exposure and inhalation of asbestos fibers as described in paragraphs 20 and 21 above, the Plaintiff, NANCY AGRILLO, asbestos fibers became permanently lodged in the Plaintiff's lungs and respiratory system.  As a result of the permanent presence of asbestos fibers in her lungs, the Plaintiff sustained personal injuries, including without limitation, hyaline plagues, asbestos-related fibrosis and asbestosis.  The personal injuries referred to in this paragraph were sustained over time and occurred (among other places) within the Commonwealth of Massachusetts.

23.      The lung injuries identified in paragraph 22 above, including both the anatomical damage to Plaintiff's lungs and the presentment of attendant symptoms, were latent and developed over time, from February 1984 until the present and more likely than not will continue into the future.  During the summer of 2022, the Plaintiff first became aware that: A) she had sustained the injuries described in paragraph 22 above; and B) that these lung injuries were casually related to her occupational exposure to asbestos fibers as described in paragraphs 20 and 21 above.

24.      Prior to and at the time she sustained the above-mentioned personal injuries, the

Plaintiff, NANCY AGRILLO, was exercising due care.

25.     Proper notice and/or administrative presentment of the claims of Plaintiff, NANCY AGRILLO, were made on the Chief, Division of Marine Insurance for the United States Maritime Administrative (MARAD), Massachusetts Maritime Academy, and to Sodexho USA Inc., in accordance with 50 U.S.C. Appendix, § 1291(a) and the provisions of 46 C.F.R. §§ 327.4 and 327.5.

26.     More than 60 days have passed since serving notice and/or administrative presentment; therefore, said claims have been administratively denied pursuant to 46 C.F.R. § 327.7.

27.     Upon information and belief, as of September 23, 2022, neither the USTS EMPIRE STATE V, nor the USTS STATE OF MAINE, are within the territorial waters of the United States.

<u>**Jurisdiction & Venue**</u>

28.     This Court has subject matter jurisdiction over this matter pursuant to The Merchant Marine Act of 1920, commonly called the Jones Act, 46 U.S.C. § 30104, et. seq. (formerly § 688 et. seq.), 28 U.S.C. §1331, 28 U.S.C. §1333, the Suits in Admiralty Act, 46 U.S.C. § 30901 et seq., and the Public Vessels Act, 46 U.S.C. § 31101 et seq.

29.     Pursuant to 46 U.S.C. § 31104 and 46 U.S.C. § 30906, venue is proper in this Court because both the USTS EMPIRE STATE V and the USTS STATE OF MAINE are outside the territorial waters of the United States and the Plaintiff, NANCY AGRILLO, resides in Monument Beach, within the District of Massachusetts.

## COUNT I
## NANCY AGRILLO v. UNITED STATES OF AMERICA
### (JONES ACT NEGLIGENCE)

30.     The Plaintiff, NANCY AGRILLO, reiterates the allegations set forth in paragraphs 1 through 29 above.

31.     The personal injuries sustained by the Plaintiff, NANCY AGRILLO, were not caused by any fault on her part but were caused by the negligence of the Defendant, UNITED STATES OF AMERICA, its agents, servants and/or employees.

32.     As a result of said injuries, the Plaintiff, NANCY AGRILLO, has suffered pain of body and anguish of mind, lost time from her usual work and pursuits, incurred medical expenses, and has sustained and will sustain other damages as will be shown at trial.

33.     This cause of action is brought under the Merchant Marine Act of 1920, commonly called the Jones Act.

**WHEREFORE**, the Plaintiff, NANCY AGRILLO, demands judgment against the Defendant, UNITED STATES OF AMERICA, in an amount to be determined by the Court together with interest and costs.

## COUNT II
## NANCY AGRILLO v. UNITED STATES OF AMERICA
### (GENERAL MARITIME LAW  -  UNSEAWORTHINESS)

34.     The Plaintiff, NANCY AGRILLO, reiterates the allegations set forth in paragraphs 1 through 29 above.

35.     The personal injuries sustained by the Plaintiff, NANCY AGRILLO, were due to no fault of her, but were caused by the Unseaworthiness of the USTS EMPIRE STATE V.

36.     As a result of said injuries the Plaintiff, NANCY AGRILLO, has suffered pain of

body and anguish of mind, lost time from her usual work and pursuits, incurred medical expenses, and has sustained and will sustain other damages as will be shown at trial.

37.     This cause of action is brought under the General Maritime Law for Unseaworthiness.

**WHEREFORE**, the Plaintiff, NANCY AGRILLO, demands judgment against the Defendant, UNITED STATES OF AMERICA, in an amount to be determined by the Court together with interest and costs.

**COUNT III**
**NANCY AGRILLO v. UNITED STATES OF AMERICA**
**(GENERAL MARITIME LAW  -  UNSEAWORTHINESS)**

38.     The Plaintiff, NANCY AGRILLO, reiterates the allegations set forth in paragraphs 1 through 29 above.

39.     The personal injuries sustained by the Plaintiff, NANCY AGRILLO, were due to no fault of her, but were caused by the Unseaworthiness of the USTS STATE OF MAINE.

40.     As a result of said injuries the Plaintiff, NANCY AGRILLO, has suffered pain of body and anguish of mind, lost time from her usual work and pursuits, incurred medical expenses, and has sustained and will sustain other damages as will be shown at trial.

41.     This cause of action is brought under the General Maritime Law for Unseaworthiness.

**WHEREFORE**, the Plaintiff, NANCY AGRILLO, demands judgment against the Defendant, UNITED STATES OF AMERICA, in an amount to be determined by the Court together with interest and costs.

**COUNT IV**
**NANCY AGRILLO v. UNITED STATES**
**(GENERAL MARITIME LAW - MAINTENANCE and CURE)**

42.     The Plaintiff, NANCY AGRILLO, reiterates all of the allegations set forth in

Paragraphs 1 through 29 above.

43.     As a result of the personal injuries described in paragraph 22 above, the Plaintiff,

NANCY AGRILLO, has incurred and will continue to incur expenses for her maintenance and

cure.

**WHEREFORE**, the Plaintiff, NANCY AGRILLO, demands judgment against the

Defendant, UNITED STATES OF AMERICA, in an amount to be determined by the Court

together with costs and interest.

**COUNT V**
**NANCY AGRILLO v. SODEXHO USA, INC.**
**(JONES ACT NEGLIGENCE)**

44.     The Plaintiff, NANCY AGRILLO, reiterates the allegations set forth in

paragraphs 1 through 29 above.

45.     The personal injuries sustained by the Plaintiff, NANCY AGRILLO, were not

caused by any fault on her part but were caused by the negligence of the Defendant, SODEXHO

USA, INC., its agents, servants and/or employees.

46.     As a result of said injuries, the Plaintiff, NANCY AGRILLO, has suffered pain of

body and anguish of mind, lost time from her usual work and pursuits, incurred medical

expenses, and has sustained and will sustain other damages as will be shown at trial.

47.     This cause of action is brought under the Merchant Marine Act of 1920,

commonly called the Jones Act.

**WHEREFORE**, the Plaintiff, NANCY AGRILLO, demands judgment against the Defendant, SODEXHO USA, INC., in an amount to be determined by the jury together with interest and costs.

**COUNT VI**
**NANCY AGRILLO v. SODEXHO USA, INC.**
**(GENERAL MARITIME LAW  -  UNSEAWORTHINESS)**

48.     The Plaintiff, NANCY AGRILLO, reiterates the allegations set forth in paragraphs 1 through 29 above.

49.     The personal injuries sustained by the Plaintiff, NANCY AGRILLO, were due to no fault of his, but were caused by the Unseaworthiness of the USTS EMPIRE STATE V.

50.     As a result of said injuries the Plaintiff, NANCY AGRILLO, has suffered pain of body and anguish of mind, lost time from her usual work and pursuits, incurred medical expenses, and has sustained and will sustain other damages as will be shown at trial.

51.     This cause of action is brought under the General Maritime Law for Unseaworthiness.

**WHEREFORE**, the Plaintiff, NANCY AGRILLO, demands judgment against the Defendant, SODEXHO USA, INC., in an amount to be determined by the jury together with interest and costs.

**COUNT VII**
**NANCY AGRILLO v. SODEXHO USA, INC.**
**(GENERAL MARITIME LAW  -  UNSEAWORTHINESS)**

52.     The Plaintiff, NANCY AGRILLO, reiterates the allegations set forth in paragraphs 1 through 29 above.

53.     The personal injuries sustained by the Plaintiff, NANCY AGRILLO, were due to

no fault of his, but were caused by the Unseaworthiness of the USTS STATE OF MAINE.

54.     As a result of said injuries the Plaintiff, NANCY AGRILLO, has suffered pain of body and anguish of mind, lost time from her usual work and pursuits, incurred medical expenses, and has sustained and will sustain other damages as will be shown at trial.

55.     This cause of action is brought under the General Maritime Law for Unseaworthiness.

**WHEREFORE**, the Plaintiff, NANCY AGRILLO, demands judgment against the Defendant, SODEXHO USA, INC., in an amount to be determined by the jury together with interest and costs.

## COUNT VIII
## NANCY AGRILLO v. SODEXHO USA, INC.
### (GENERAL MARITIME LAW - MAINTENANCE and CURE)

56.     The Plaintiff, NANCY AGRILLO, reiterates all of the allegations set forth in Paragraphs 1 through 29 above.

57.     As a result of the personal injuries described in paragraph 22 above, the Plaintiff, NANCY AGRILLO, has incurred and will continue to incur expenses for her maintenance and cure.

**WHEREFORE**, the Plaintiff, NANCY AGRILLO, demands judgment against the Defendant, SODEXHO USA, INC., in an amount to be determined by the jury together with costs and interest.

## PLAINTIFFS DEMAND A TRIAL BY JURY ON ALL ISSUES
## RAISED IN COUNTS V TO VIII

Respectfully submitted for the
the Plaintiff, NANCY AGRILLO,
by her attorney,

Dated: 9/27/2022

/s/ Jonathan E. Gilzean
Jonathan E. Gilzean, BBO #679164
Latti & Anderson, LLP
30-31 Union Wharf
Boston, MA 02109
(617) 523-1000
JGilzean@lattianderson.com